IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CIVIL ACTION NO.  1:23cv207 HSO-BWR |
| $1,883,673.51 U.S. CURRENCY; 946 CAROLINE DRIVE, BILOXI, MS; ALL FUNDS IN LEGEND TRADING CURRENCY ACCOUNT # 1503983881; ALL FUNDS IN WELLS FARGO BANK ACCOUNT # 8996106954; ALL FUNDS IN WELLS FARGO BANK ACCOUNT # 2487603306; AND ALL FUNDS IN WOODFOREST NATIONAL BANK ACCOUNT # 8135212093 | DEFENDANT PROPERTY |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through its United States Attorney and the undersigned Assistant U.S. Attorney for the Southern District of Mississippi, brings this Verified Complaint for Forfeiture *in rem*, in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules") and the Federal Rules of Civil Procedure, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action by the United States seeking forfeiture of four sums of U.S. Currency seized from Robert Deming III and his business, The Candy Shop, LLC (the "defendant property"). The defendant property is subject to forfeiture under 21 U.S.C. § 881, for violations of 21 U.S.C. §§ 841 (drug trafficking) and 846 (drug conspiracy), and under 18 U.S.C. §§ 981(a)(1)(A) and (C), for violations of 18 U.S.C. §§ 1956 and 1957 (money laundering), and 1952 (racketeering) and 1962 (RICO).

1

## THE DEFENDANT *IN REM*

2.  The defendant property consists of the following assets:

| Asset ID | Asset Description |
|---|---|
| 23-DEA-700699 | $575,746.00 U.S. Currency, seized by the Drug Enforcement Administration ("DEA") on January 26, 2023, from Robert Deming III, at his residence in Biloxi, Mississippi, pursuant to a federal search and seizure warrant |
| 23-DEA-700701 | $1,230,559.27 U.S. Currency, seized by the Drug Enforcement Administration ("DEA") on January 26, 2023, from Robert Deming III, at his residence in Biloxi, Mississippi, pursuant to a federal search and seizure warrant |
| 23-DEA-700702 | $4,040.00 U.S. Currency, seized by the Drug Enforcement Administration ("DEA") on January 26, 2023, from a vehicle registered to Robert Deming III, at his residence in Biloxi, Mississippi, pursuant to a federal search and seizure warrant |
| 23-DEA-700703 | $73,328.24 U.S. Currency, seized by the Drug Enforcement Administration ("DEA") on January 26, 2023, from The Candy Shop, LLC, in Ocean Springs, Mississippi, pursuant to a federal search and seizure warrant |
| TBD | Real property located at 946 Caroline Drive, Biloxi, Mississippi 39532, titled in the name of Robert L. Deming III.<br>Harrison County, Mississippi, parcel number 1208O-01-009.052. |
| TBD | All funds held in Legend Trading Inc. Cryptocurrency account # 1503983881 in the name of Robert Deming with originating account 72641012 Cadence Bank/Bancorpsouth Bank, Robert L. Deming III, 2280 Sunkist Country Club Road, Biloxi, Mississippi 39532. |
| TBD | All funds held in Wells Fargo Bank Account # 8996106954, in the name of Robert L. Deming |
| TBD | All funds held in Wells Fargo Bank Account # 2487603306, in the name of Robert Deming Attorneys at Law, LLC |
| TBD | All funds held in Woodforest National Bank Account # 8135212093, in the name of DK Marine, LLC |

all within the Southern District of Mississippi, Southern Division.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture *in rem* under 28 U.S.C. § 1355.

4.  Venue is proper in the Southern Division of the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a), because the acts and/or omissions giving

rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395(b), because the defendant property was found and seized in this District.

## BASIS FOR FORFEITURE

5. The defendant property is subject to forfeiture under 21 U.S.C. § 881, because the defendant property is involved in or facilitating or the proceeds of violations of 21 U.S.C. § 841 (drug trafficking) and § 846 (drug conspiracy).

6. The Controlled Substances Act, 21 U.S.C. § 801, *et seq.,* and 21 U.S.C. § 881 make subject to forfeiture to the United States any proceeds derived, and any facilitating property, from any knowing violation of 21 U.S.C. §§ 841(a)(1), 846, and 848, which is drug distribution, drug conspiracy, and continuing criminal enterprise.

7. The defendant property is also subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(A) and (C), for violations of 18 U.S.C. §§ 1956 and 1957 (money laundering), and 1952 (racketeering) and 1962 (RICO).  Under 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds … [of] any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."  Pursuant to 18 U.S.C. §§ 1956(c)(7)(B), "the manufacture, importation, sale, or distribution of a controlled substance" is a specified unlawful activity, as are 18 U.S.C. §§1952 (racketeering), 1956 (laundering of monetary instruments), 1957 (engaging in monetary transactions in property derived from specified unlawful activity), pursuant to 18 U.S.C. § 1956(c)(7(A).  Under 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957, or 1960 of this title, or any property traceable to such property" is subject to forfeiture to the United States.

8. Title 21 U.S.C. § 881(h) provides that all right, title, and interest in property described in 21 U.S.C. § 881(a) shall vest in the United States upon commission of the act giving rise to forfeiture under 21 U.S.C. § 881.

9. Pursuant to 18 U.S.C. § 984, currency or funds in a bank account are considered fungible for one year from the date of the applicable offense, and the funds or assets located in the financial accounts listed as the defendant property and in the following paragraphs are thus subject to civil forfeiture under § 984.

## FACTS AND CIRCUMSTANCES

10. A detailed account of the facts and circumstances supporting the seizure and forfeiture of the defendant property is set out in DEA Task Force Officer Alexander W. Smith's declaration, to be filed separately *under seal*, as Exhibit "A" and incorporated herein by reference.

## FIRST CLAIM FOR RELIEF
### (21 U.S.C. § 881(a)(6))

11. Paragraphs 1 through 10 above are incorporated by reference as if fully set forth herein.

12. The defendant property constitutes money furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds of trafficking in a controlled substance, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. §§ 841 and 846 and is therefore forfeitable to the United States of America under 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF
## (18 U.S.C. § 981(a)(1)(C))

13. Paragraphs 1 through 12 above are incorporated by reference as if fully set forth herein.

14. The Defendant Property constitutes property traceable, constituting, or derived from proceeds traceable to "the manufacture, importation, sale, or distribution of a controlled substance" and to violations of 18 U.S.C. §§1952 (racketeering) and 1962 (RICO), 1956 (laundering of monetary instruments), 1957 (engaging in monetary transactions in property derived from specified unlawful activity) and is therefore forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(C).

## THIRD CLAIM FOR RELIEF
## (18 U.S.C. § 981(a)(1)(A))

15. Paragraphs 1 through 14 above are incorporated by reference as if fully set forth herein.

16. The Defendant Property constitutes property involved in or traceable to property involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 and/or 1958 and is therefore forfeitable to the United States of America under 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States prays

    a. that the Defendant Property be forfeited to the United States,

    b. that due process issue for seizure and forfeiture of the Defendant Property,

    c. that the Clerk of Court issue a warrant for the arrest of the Defendant Property already in the custody of the United States;

    d. that this Court issue a warrant for the arrest of the Defendant Property not already in the custody of the United States,

e. that all persons having an interest therein be cited to appear herein and show cause why forfeiture should not be decreed,

f. that notice of this action be given to all persons known or thought to have an interest in or right against the property,

g. that a judgment be entered declaring that the Defendant Property be condemned as forfeited to the United States for disposition in accordance with law,

h. that the United States be awarded its costs and disbursements in this action, and

i. for such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**, this the 18th day of August 2023,

UNITED STATES OF AMERICA

DARREN J. LAMARCA
United States Attorney

By: _____
CLAY B. BALDWIN (MSB 103478)
Assistant United States Attorney
501 East Court Street, Suite 4.430
Jackson, Mississippi 39201
Telephone: (601) 965-4480
Fax: (601) 965-4035
Email: clay.baldwin@usdoj.gov

## **VERIFICATION**

I, Alexander W. Smith, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration ("DEA"), that I have read the foregoing Verified Complaint for Forfeiture *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint for Forfeiture *in rem* are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States of America, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a DEA Task Force Officer.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this the 18th day of August 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　ALEXANDER W. SMITH
　　　　　　　　　　　　　　　　　　　　　　　　　Task Force Officer
　　　　　　　　　　　　　　　　　　　　　　　　　Drug Enforcement Administration